**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOUGLAS P. SMITH,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:11-1813 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **PA STATE ATTORNEY GENERAL** and **WARDEN EARL REITZ,** | : | |
| | : | |
| Respondents | | |
| | : | |

## **REPORT AND RECOMMENDATION**[1]

On October 3, 2011, the petitioner, an inmate at the Cumberland County Prison, Carlisle, Pennsylvania, filed the instant petition for writ of habeas corpus. (Doc. No. 1). On October 19, 2011, the petitioner submitted the proper filing fee. (Doc. No. 4). Upon preliminary consideration of the petition[2], it is recommended that the petition be dismissed.

According to the instant petition and the docket sheet in the petitioner's

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] Rule 4 of the Rules Governing §2254 Habeas Corpus Cases provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C.foll. §2254. The Rules Governing §2254 Habeas Cases are applicable to actions filed pursuant to §2241 by Rule 1 thereof.

state court criminal matter, see Commonwealth v. Smith, Court of Common Pleas of Cumberland County, Criminal Docket No. CP-21-CR-0002675-2010, the petitioner was arrested on August 30, 2010, and charged with criminal homicide. A hearing was held on September 17, 2010, at which the homicide charge was held over for court and bail was denied. On November 30, 2010, an information was filed which added charges of murder in the first, second and third degree. The petitioner's criminal docket reflects that a pre-trial conference has been scheduled, but moved, a total of seven times to date, six times by the defense and once by the Commonwealth. The latest indication is that a pre-trial conference has been set for November 3, 2011, with a trial date set for November 14, 2011.

On October 3, 2011, the petitioner filed the instant action in which he argues that more than 180 days have passed since his arrest without him being brought to trial in violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure. In addition, he challenges his continued detention without bail claiming that it amounts to excessive bail. Finally, the petitioner claims that he is innocent of the charges brought against him. The petitioner is seeking to have this court immediately release him on his own recognizance.

The petitioner has failed to specify in his petition whether he brings the instant action pursuant to [28 U.S.C. §2254](#) or [28 U.S.C. §2241](#). In either case,

the court finds that the instant action is improper and should be dismissed. Initially, to the extent that the petitioner is attempting to bring the instant action pursuant to §2254, this section applies to post-conviction petitions for relief, in that it pertains to persons "in custody pursuant to a state court judgment." 28 U.S.C. §2254(a); Moore v. DeYoung, 515 F.3d 437, 441-42 (3d Cir. 1975); Martin v. Diguglielmo, 644 F.Supp.2d 612, 621 n.2 (W.D.Pa. 2008) ("Because a state pretrial detainee is not in custody pursuant to a state court judgment, he may not utilize §2254."). Here, it is obvious from the instant petition and the petitioner's state court docket that he is a pretrial detainee and is therefore not in custody pursuant to a state court judgment. As such, the petitioner cannot proceed pursuant to §2254.

Federal courts do, however, have limited jurisdiction to issue a writ of habeas corpus pursuant to §2241 before a judgment is entered in a state criminal proceeding. See Moore, 515 F.2d at 441-42. See also Paladino v. King, 247 F.3d Appx. 393, 394-95 (3d Cir. 2007) (challenges to pretrial incarceration are properly pursued in a §2241 petition) (nonprecedential). Just as those seeking post-conviction habeas relief, however, those petitioners seeking a pre-conviction relief must exhaust their state court remedies prior to filing a federal habeas petition. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is

mandated by statute under 28 U.S.C. 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. §2241.") (citing Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 490-91 (1973)); see also Moore, 515 F.2d at 442 ("although there is a distinction in the statutory language of §§2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned.")

Here, the petitioner claims that he is innocent of the charges brought against him, that his right to a speedy trial has been violated and that the denial of bail amounts to excessive bail. The record reflects that the petitioner has raised *pro se* challenges to his bail in the state court; however, the state criminal docket reflects that the petitioner's filings were forwarded to his counsel and that there has been no decision with respect to those filings. There is no indication that the petitioner has raised his speedy trial or actual innocense claims in the state court[3]. As such, none of the petitioner's claims have been exhausted in the state court.

---

[3] The court notes that the petitioner did file a *pro se* petition for writ of habeas corpus in the state court on the day following the filing of the instant action. There is no indication as to what claims were raised in that petition. Even assuming, however, that the petitioner raised his claims regarding speedy trial and actual innocense in that petition, the state court docket reflects that the *pro se* petition was forwarded to counsel and that the court has not yet considered that petition rendering these claims unexhausted as well.

Where state court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1981). See also Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.3d 169, 173 (3d Cir. 1992). Absent extraordinary circumstances, which the plaintiff has failed to exhibit[4], Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).

Here, the foregoing elements are satisfied. There are ongoing state judicial proceedings in that the petitioner is a defendant in a state criminal prosecution, and it is clear that granting the petitioner's request for relief would interfere with those proceedings. In addition, the state's criminal case

---

[4] Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D.Pa. 1991).

against the petitioner undoubtedly implicates the important state interests of the state's enforcement of its criminal laws. Finally, the petitioner does have the opportunity to raise any constitutional claims which he has in the context of his state criminal proceedings.

"In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It is clear that the petitioner's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant petition be **DISMISSED** without prejudice in light of the fact that the petitioner has failed to exhaust his state court remedies with respect to the claims which he now attempts to raise and because abstention is proper pursuant to the Younger doctrine.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:  November 3, 2011**
O:\shared\REPORTS\2011 Reports\11-1813-01.wpd

6