IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS P. SMITH,** | : | CIVIL ACTION NO. 1:11-CV-1813 |
| Petitioner | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **PA STATE ATTORNEY GENERAL and** | : | |
| **WARDEN EARL REITZ,** | : | |
| Respondents | : | |

## ORDER

AND NOW, this 1st day of December, 2011, upon consideration of the Report and Recommendation of United States Magistrate Judge Malachy E. Mannion (Doc. 6), recommending that the Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for failure to exhaust state court remedies, and, following an independent review of the record and noting that petitioner filed objections[1] to the Report and Recommendation on November 16, 2011 (Doc. 7), and the court finding Judge Mannion's analysis to be thorough and well-reasoned, and the court finding petitioner's objections to be without merit and squarely addressed by Judge Mannion's report, it is hereby ORDERED that:

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

1. The Report and Recommendation of Magistrate Judge Mannion (Doc. 6) are ADOPTED.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice in light of the fact that petitioner has failed to exhaust his state court remedies with respect to the claims which he now attempts to raise and because abstention is proper pursuant to the <u>Younger</u> doctrine.

3. The Clerk of Court is directed to CLOSE this matter.


        <u>S/ Christopher C. Conner</u>
        CHRISTOPHER C. CONNER
        United States District Judge